Good morning, Your Honors. A. N. R. Johnson of Johnson & Associates appearing on behalf of defendants' respondents. I'm just going to summarize, Your Honors, because I think the matter has been well briefed. The defendants in the court below were sued. They were sued on a contract claim. They incurred significant expenses as a result of that. The alleged agreement contained an attorney fee clause. That clause was incorporated in every cause of action. This clearly was a contract claim. Plaintiff asserted that each of the defendants were bound by the contract and had breached it. The court found there was no contract, that it had been merged, and there was no foreshore effect. We got a judgment. We're entitled to fees, and with respect to the lower court, should not have been denied same. Do you have any precedent where – it's an interesting legal issue. I've never quite encountered it, so that's why I'm asking. That is, whether you can make a claim as a the contract's gone because it was merged. In other words, that there is no contract. In the opening – It's different. If someone made a contract claim and you said, hey, there's no contract at all, that's one thing. This is different. There was a contract. Then the question is, is the contract gone by operation of law? If it is, does that eliminate recovery as a prevailing party when you're sued on it? Well, in the opening brief, we cite a number of cases that indicate under the doctrine of merger, the contract becomes of no force or effect. Plaintiff sued us on a contract that they knew could have no force or effect. They didn't come into federal court to sue us on a judgment. I suppose they had the option of attempting to do that, and toward the end of the case, were actually trying to persuade Judge Tabrizian that they should be allowed to amend their complaint to actually sue on the judgment. But they selected their cause of action, their multiple causes of action, all of which were clearly rooted in contract, and all of which concluded with Judge Tabrizian's very clear finding that there was no contract. In fact, frankly, the greatest frustration for me in this case is when you read the order denying attorney fees, until you get up to the very end when it says, I lose, you would think that all of the rationale would say, I win. Help us out here, because one thing we do not do in federal court, we didn't think up until right now, was domestic relations law. And when this contract was originally a marital agreement, is that like a prenuptial agreement, or what was it? No, it was a divorce agreement. It was an agreement upon dissolution. Yes. And it was entered into after the marriage was... Yeah, after a divorce action was filed, then the marital...well, I'm not sure if it was signed before or after the divorce action was filed. But the divorce action was then filed, the marital settlement agreement, whether signed before or after the filing, was then judgment. And the judgment was entered. The judgment was entered. And the judgment, was it judgment that gave force to the agreement of the parties with respect to dividing the property and all that stuff? Yes and no. It superseded the agreement, so anything that was left out in the judgment that was in the agreement was gone. Okay. And one of the ironies in this case is in 19... I mean, it was supposed to be the judgment that... Right. It was supposed to reflect the intent of the parties. And one of the ironies here was before Gary Shaman died, Miss Honey, recognizing that there was this judgment, had come in 1997 into the state court and tried to force him to either carry insurance or get a monetary award. Now, the only conclusion, Your Honors, I can find for why they would shift to a breach of contract theory after his death and file it in federal court is for the very reason why this Justice just mentioned. They were hoping to confuse the issue. And they chose their remedy, they chose their forum, and they lost. And for my clients to have had to go through that expense and be told that they can't get a victory like this, Judge DeVrigian literally had no discretion. This matter really needs to be remanded with an instruction that we receive fees. I guess it would have been worse if the judge said that they won as opposed to you win, but your client doesn't get fees. Well, obviously that's true in any case. In fact, the irony of Judge DeVrigian's comment, though, I think it was inconsistent with his other points, is he basically was saying if you had lost, you would have lost. It does seem sort of ironic, if that's the right word, that there's a suit on the contract, but the party who sues on the contract doesn't think they need to pay fees under the contract, and there's a defense on the suit that there's no contract, but then the party that defended that there was no contract wants to get fees under the contract. Sort of like a riddle, I guess. Yeah. One we believe weighs heavily in our favor. Unless the justices have additional questions, I'll reserve it. May it please the Court, Nolan Clark representing the plaintiff and the appellee, Vicky Lynn Sherman-Honey. Mr. Clark, just for perspective, but I don't want to know anything that's not in the record. Does the record tell us what the magnitude of fees are here that are at stake? I do not remember. Okay. That's fair enough. There's only one point that I'd like to clarify, and that's with regard to the statute itself. The underlying statute that's applied is Civil Code Section 1717. Subdivision A provides that the party determined to be the party prevailing on the contract, entitled attorney's fees, and then Subdivision B provides the court may determine that there is no party prevailing on the contract for purpose of the action. Most of my brief addressed the issue, the latter one, that the district court did not But how can that be here? After the action was over, your client's position was not a bit better than it was before. Indeed, it was worse, because you have a finding there wasn't a contract. And the defendant's position was not a bit worse than it was before. In fact, it was better, because the contract claim was excluded. Now, I understand your brief, and I understand the argument you're putting forward, which is that the results could have been even better for a defendant if the defendant had somehow persuaded the district court to extinguish the possibility of going back to enforce the State court judgment. But what the district court said properly is I can't enforce the State court judgment. That doesn't belong here. So in what respect could it be said that defendant was not the prevailing party and that your client was part of the prevailing party? The issue wasn't whether they were the prevailing party. The court found they were the prevailing party. The court found that they did not prevail on the contract. In fact, the court said that if I had ruled on the contract, then the plaintiff would have won. And the only reason why the plaintiff did not win, according to the district court, was because you are in the wrong court. Now, we have a position that they were wrong, the court was wrong on its conclusion that it had been merged. But the court said if I'm wrong on that question, and this is part of its judgment, if I'm wrong on that question, that should be taken up with the State court. Right. And the court said, didn't the court say that the defendants were not a, quote, party prevailing on the contract, close quotes, which is the statutory language, I guess, for fees, and they weren't a party prevailing on the contract because the court said there was no contract by virtue of merger? That's correct, Your Honor. This really is strange. It's an unusual set of facts, and it's one which, but for the fact that the court's decision was that the issue as to whether it had been merged is something that should ultimately be decided by the State court. And that although for purposes of whether it's been properly in my court or not, I'm sending it back to the State court, but for that ruling in the decision, we would have appealed the issue of whether it had been merged. We would not appeal that one. That one we take to the State court. Did the State court judgments say that there should be policies maintained for Ms. Honey as a beneficiary? Yes, it did.  Thank you, Your Honor. Just briefly, Your Honor, the magnitude of fees, Your Honor, is $60,653 in the lower court, and, of course, we're asking. Those are the fees that were expended in where? In the U.S. District Court. I mean, we had two summary judgment rounds.  That's correct. That's correct, which, to look at it from my client's perspective, is a mighty big injury to have imposed upon them with no remedy when plaintiffs were in control the entire time.  And they had to pay $60,653. Judge DeVrishian made an unusual statement in the attorney fee hearing. I believe that all of the other statements and the orders, as quoted in my briefs, make very clear that Judge DeVrishian ruled expressly that we won the case because he found there was no contract. California Supreme Court authority makes clear that you can win a contract action because there is no contract, and that you will get your attorney fees as a consequence. Are you a party prevailing on the contract? Absolutely. On the theory there was no contract? Absolutely, because the argument is my clients are bound by a contract, and they've breached it. If you read the Ibarra case, the Ibarra case stands for this very proposition, that if you have, and the other cases that I've cited as well, if you have a breach of contract action and the defense is, well, let's take a different example. Let's say I claim that the contract was forged, that that's not really my signature. But they say, no, no, no, that's your signature, and we're going to make you answer for this contract. And I prove it's not my signature, and I win. Well, of course I won. And the fact that they could have, I'm sorry. Are you prevailing on the contract if you win on the ground that it's a, and all we're talking about here is a California statutory provision that gives a right to attorney's fees in some circumstances. There might be other grounds for attorney's fees, or there might be none. But as to that statute, what's it aimed at covering? The statute and the case authority that construes it expressly provide, when you look at all California law, California law says if you're sued on a contract that doesn't exist, you get your attorney fees. And the reason why, as explained in Ibarra, I keep calling it Ibarra because I don't know how to pronounce S-H-S-U. Sue case. Sue case. I just don't want to mispronounce it. The fact of the matter is, pursuant to the Sue or Ibarra case, if had they won, they could have collected fees from my client. So if they approved, there was a contract, we breached it, there's an attorney fee clause, now you've got a pony up. Then if we win by defeating the contract, we get the fees. That's California law, pure and simple. And it's Supreme Court authority. What's the, which case is that again, the Sue case? H-S-U. H-S-U versus Ibarra, and it's quoted extensively in my opening brief. As well as other California precedent that talks about the same principle.
judges: Schroeder, Gould, Clifton